JOHNSON, Judge.
Plaintiff-appellant was first suspended and subsequently dismissed from his job as a Patrolman with the New Orleans Police Department. From a judgment of the Civil Service Commission of the City of New Orleans overruling his suspension, but affirming his dismissal from the Police Department, appellant has taken this appeal.
Appellant was suspended from the Police Department effective May 9, 1957, as the result of his indictment by a Federal Grand Jury for making false statements to a governmental agency.
By letter from the Superintendent of Police, dated September 4, 1957, appellant was informed of his dismissal from the New Orleans Police Department as follows :
“Dear Patrolman Bernius:
“I have reviewed the files of the Police Bureau of Investigation and it is my conclusion that you acted in a manner unbecoming an officer in that you received graft payments from an *125 operator of an unlawful business while a member of this Department.
“In view of this conclusion, I have no other alternative but to dismiss you from the Police Department, effective September 5, 1957.
“This is a final action.”
Appellant timely perfected appeals from both disciplinary actions and the case was heard before the Civil Service Commission on July 10, 1958.
The Civil Service Commission in its “Ruling on Appeal” found appellant’s suspension from the Police Department invalid, in that the only ground stated was the fact that appellant had been indicted by a Federal Grand Jury, and the Commission, in a prior decision, had held that an indictment was a mere accusation and was not of itself sufficient to justify a suspension. In overruling the suspension, the Commission directed the appointing authority to pay appellant the amount he would have earned in his employment between May 9, 1957, and September 5, 1957.
In affirming appellant’s dismissal from the Police Department by the Superintendent, however, the Commission found there was uncontradicted testimony that appellant had received graft payments. Further it noted the fact that appellant failed to testify before the Commission and deny the charge.
Article 14, § 15 (O) (1) of the Louisiana Constitution, LSA states in part as follows : “ * * * The decision of the appropriate Civil Service Commission shall be final on the facts, but an appeal shall be granted to the Supreme Court of Louisiana on any question of law * * The appeal, of course, presently lies to the respective Court of Appeal as a result of the recent constitutional amendments relative to judicial jurisdiction. Hughes v. Department of Police, La.App., 131 So.2d 99.
Appellant’s allegation that his dismissal letter from the Superintendent of Police failed to state the cause for appellant’s dismissal is untenable.
The evidence adduced at the Civil Service Commission hearing consisted in the main of statements from four persons that they had made graft payments to appellant during the subject period. That evidence is definite and positive as to the amounts, the times, the places and purpose of the money payments to appellant. Appellant alleges three of these statements are invalid in that they were dated after appellant’s dismissal, and that the fourth statement is invalid in that it was made to representatives of the Federal Government in an income tax investigation of third parties. The dates on which the statements were reduced to writing is immaterial. The dates of the facts and payments recited therein is the important thing.
As regards the three statements dated after appellant’s dismissal, it is clear from the record that the facts contained therein were known to the appointing authority (Superintendent of Police) before appellant’s dismissal. There was an investigation by the Police Bureau of Investigation prior to appellant’s dismissal and at least two of the statements referred to were made to members of the Police Bureau of Investigation. Further Article 14, § 15 (N) (1) of the Louisiana Constitution relative to the rights and obligations of Civil Service employees, states, in part, as follows: “(a) The burden of proof on appeal, as to the facts, shall be on the employee.” Appellant did not carry this burden to contradict the three statements on the appeal to the Commission. In fact, as noted hereinabove, appellant did not even testify before the Commission to deny the charge.
The fourth statement, made to representatives of the Federal Government and dated after appellant’s dismissal, was properly considered by the Commission as it was part of a stipulation entered into before the Commission that if the four individuals who made the statements would be called to testify, they would do so in accordance with the written statements.
*126 Counsel objected to receiving the letter of dismissal in evidence. The Commission admitted the letter for the purpose of rem ipsam. (Tr. 20). However the rules of the Commission say that the facts expressed in writing by the appointing authority as the cause for the dismissal shall be accepted as prima facie true.
Accordingly, there was evidence before the Commission supporting the charges made for appellant’s dismissal, and hence there is no question of law for our review. Daniels v. New Orleans Police Department House of Detention, 236 La. 332, 107 So.2d 659.
As there was no appeal from the Civil Service Commission’s order overruling appellant’s suspension from the Police Department, that ruling will not be discussed herein.
In view of the foregoing, the ruling of the Civil Service Commission is affirmed; appellant to pay the costs.
Affirmed.